## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JOHN HULL,<br>307 W. John Street<br>Meadville, MO 64659<br><br>　　　　　　Plaintiff,<br>v.<br><br>Martin Transportation Systems, Inc.,<br>SERVE: Joseph Rebman<br>165 N. Meramec Ave., Suite 310<br>St. Louis, MO 63105<br><br>and<br><br>JIMMIE RILEY,<br>4001 Sandhill Rd., Lot 203<br>Springfield, IL 62702<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)　**Case no.**<br>)　**JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

COMES NOW Plaintiff John Hull, by and through undersigned counsel, and for his action against Defendants Martin Transportation Systems, Inc. and Jimmie Riley, states and alleges the following:

1. This cause of action occurred in Linn County, Missouri.

2. Plaintiff John Hull is an individual who resides in Meadville, Missouri.

3. Defendant Martin Transportation Systems, Inc. is a Michigan corporation and can be served via its registered agent identified in the caption above.

4. Defendant Jimmie Riley is an individual who resides in Springfield, Illinois.

5. Jurisdiction is proper under 28 U.S.C. § 1332.

6. On October 11, 2019, Plaintiff was operating a 1989 Ford F-150 eastbound on US-36 in Linn County, Missouri, approaching Route TT.

7. At said time and place, Defendant Riley was acting in the course and scope of his employment with Defendant Martin Transportation Systems, Inc.

8. At said time and place, Defendant Riley was operating a 2015 Freightliner.

9. At said time and place, Defendant Riley struck the rear of the Ford F-150.

10. Defendant Riley failed to exercise the highest degree of care in the operation of the 2015 Freightliner in the following ways:

    a. Defendant Riley failed to keep a careful lookout;

    b. Defendant Riley failed to property control her vehicle;

    c. Defendant Riley was driving too fast for conditions;

    d. Defendant Riley was falling asleep and/or fell asleep while driving; and

    e. Defendant Riley knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in time to have stopped, swerved, slackened speed, or sounded a warning and failed to do so; and

    f. Defendant Riley came into collision with the rear of Plaintiff's vehicle Defendant was thereby negligent.

11. As a direct and proximate result of Defendant Riley's negligence, Plaintiff John Hull suffered the following: a concussion; post-concussive symptoms; sprain and stain of his left shoulder; strain, sprain and disc bulges in his cervical spine; and sprain and strain of his lumbar and thoracic sprain all to his damage in an amount in excess of Seventy-Five Thousand Dollars ($75,000).

**WHEREFORE**, Plaintiff John Hull prays for judgment against Defendant Jimmie Riley

and Defendant Martin Transportation Systems, Inc. in an amount in excess of $75,000.00, for her costs and expenses incurred, and for such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38(b), Plaintiffs request a trial by jury of all issues triable as of right.

                                    Respectfully submitted,

                                    MONTEE LAW FIRM, P.C.

                                     /s/ *Amanda Blackwood*
Amanda Blackwood, MO #65054
P.O. Box 127
St. Joseph, MO 64502
(816) 364-1650
(816) 364-1509 Fax
ablackwood@monteelawfirm.com
ATTORNEYS FOR PLAINTIFF

3